UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

MICHAEL BOURNACCORSI,

        Plaintiff,

v.                                          Case No.  5:06-cv-318-Oc-10GRJ

UNITED STATES OF AMERICA,

        Defendant.
_____/

## REPORT AND RECOMMENDATION[1]

Pending before the Court is the Plaintiff's Affidavit of Indigency (Doc. 2) which the Court construes as a motion for leave to proceed *in forma pauperis*. In light of Plaintiff's motion, the Court has authority under 28 U.S.C. §1915(e)(2) to review the complaint to determine whether it should be dismissed.[2] The Court has done so in this matter and determines that Plaintiff's request to proceed *in forma pauperis* should be **DENIED** and Plaintiff's Complaint should be **DISMISSED with prejudice**.

## I. BACKGROUND

Plaintiff's recitation of facts in support of his "civil complaint" consists of a series of disconnected and largely unintelligible facts dating back to 1989, when the Plaintiff was employed by the United States Naval Facilities Engineering Command in Alexandria, Virginia. Although Plaintiff's complaint is difficult to decipher because

---

[1] Specific written objections may be filed in accordance with 28 U.S.C. § 636, and Rule 6.02, Local Rules, M.D. Fla., within ten (10) days after service of this report and recommendation. Failure to file timely objections shall bar the party from a *de novo* determination by a district judge and from attacking factual findings on appeal.

[2] 28 U.S.C. § 1915(e)(2) provides, in part, that a court "shall dismiss [a] case at any time if the court determines that ... the action or appeal– (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."

Plaintiff interchangeably refers to himself as two individuals - Michael Bonnaccorsi and Michael "Happy" Bonnaccoursi - a liberal reading of the complaint discloses the following details.

Plaintiff, a citizen of the United Kingdom worked in the Inspector General's office of the United States Navy in Washington, DC in 1989 and 1990. Part of Plaintiff's job duties consisted of investigating irregularities and fraud in contract administration at the naval station in Jacksonville, Florida. According to Plaintiff, during this time period, Plaintiff "found massive frauds on the contractor" and he presented a report to the Inspector General of his findings. In December 1989 Plaintiff attended a Navy conference on quality assurance for service contracts during which Rear Admiral Bataroff, the keynote speaker, apparently mentioned the unnamed Jacksonville contractor previously investigated by Plaintiff, without any mention of the alleged fraud.

The events that Plaintiff claims transpired thereafter are difficult to piece together. However, the gist of Plaintiff's claim appears to be that Plaintiff complained to Admiral Bataroff about Bataroff's failure to recognize the fraud by the contractor at the Jacksonville Naval Base and, thereafter, Admiral Bataroff smeared Plaintiff's character - in some undefined manner - for the next sixteen years. Without linking any of his allegations, Plaintiff mentions that he was attacked in Windsor, United Kingdom on an undisclosed date and time by strangers.

In January 1990 Plaintiff discloses that he consulted with "Dr. James F. Dec of behavioral sciences [at] the Mount Vernon Hospital," who suggested that Plaintiff not return to the Navy. Dr. Dec "wrote a letter to NAVFAC stating that [Plaintiff] would not be

fit for duty ... " Plaintiff then apparently agreed to retire from the Navy and eventually agreed to disability retirement.

Notably, Plaintiff alleges that he developed amnesia (on some undisclosed date) and that he did not regain his memory until June 2004 when he began working at a department store in Alexandria, Virginia. Plaintiff alleges that the store manager was a close friend of Admiral Bataroff and warned Plaintiff "to be careful." According to Plaintiff, soon thereafter, an undisclosed individual pushed a display case on Plaintiff. Plaintiff resigned thereafter.

Plaintiff's delusional claims conclude by alleging that because of the intimidation (presumably by Admiral Bataroff) he plans to move to Finland but that the Plaintiff was told by the "man in black" moving to Finland was not a good idea "because [Plaintiff] could be subjected to attack from above presumably by satellite." Without any mention of the basis of his claim or how these unconnected events support a claim, Plaintiff asserts in conclusury fashion that his constitutional rights have been violated.

## II. <u>DISCUSSION</u>

Section 1915(e) provides, in pertinent part, that "[n]otwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that...the action – (I) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." Plaintiff's case should be dismissed for all of the above reasons. The Complaint is patently frivolous, fails to state any claim upon which relief could be granted against any defendant and requests monetary relief for a

constitutional violation against the United States which is immune from suit, except in limited circumstances, which have not been alleged here.

As a starting point, Plaintiff's case should be dismissed as patently frivolous because Plaintiff has failed to allege any cognizable cause of action. A frivolous claim is one that is based on meritless legal theories, or clearly baseless factual contentions and - as is the case here - includes "claims describing fantastic or delusional scenarios."[3] Plaintiff's complaint largely consists of a number of disjointed and unconnected events that occurred more than sixteen years ago. Most notably, Plaintiff has failed to identify any legal theories, or cognizable causes of action. Accordingly, Plaintiff's complaint is due to be dismissed on this basis. Moreover, although a *pro se* litigant normally is given leave to amend, here, the flaws in the complaint are so numerous and so fundamental that to grant Plaintiff leave to amend would be futile.

Secondly, even if Plaintiff's complaint could be interpreted as alleging some type of claim, the United States, as a sovereign is immune from suits for monetary relief for alleged constitutional violations.[4] Therefore, absent explicit consent from the United States to be sued the district court lacks subject matter jurisdiction.[5] Accordingly, for this fundamental reason Plaintiff's complaint is due to be dismissed for lack of subject matter

---

[3] Nietzke v. Williams, 490 U.S. 319, 327-28 (1989)("Examples of the latter class [frivolous claims] are claims describing fantastic or delusional scenarios, claims with which federal district judges are all too familiar.").

[4] United States v. Testan, 424 U.S. 392, 399, 96 S. Ct. 948, 953, 47 L.Ed.2d 114 (1976)("[T]he United States, as sovereign, 'is immune from suit save as it consents to be sued...and the terms of its consent to be sued in any court define that court's jurisdiction to entertain the suit.'")(quoting United States v. Sherwood, 312 U.S. 584, 586, 61 S.Ct. 767, 769-70, 85 L.Ed. 1058 (1941)).

[5] 14 Charles Alan Wright and Arthur R. Miller, Federal Practice and Procedure § 3654.

jurisdiction.

However, even assuming *arguendo* that Plaintiff intended to bring a tort claim against the United States the action is still due to be dismissed because the Plaintiff has failed to comply with the prerequisites of the Federal Torts Claim Act ("FTCA"), 28 U.S.C. § 2671, *et seq*, including the requirement that the claimant first file a claim with the administrative agency. The FTCA provides a limited waiver of the United States' sovereign immunity for tort claims.[6] Although the necessary allegations to support a claim for retaliation have not been alleged, assuming the Plaintiff intended to assert a claim for retaliation against him for disclosing the alleged fraud at the Jacksonville Naval Base in 1989 or retaliation for complaining to Admiral Bataroff in 1990, Plaintiff was required to first file an administrative claim with the Department of Navy (or the appropriate federal agency) *and* Plaintiff was required to file the administrative claim no later than two years from the date the claim accrued.[7] Plaintiff has not alleged that he exhausted his administrative remedies by filing an administrative claim with the appropriate federal agency and it is doubtful that Plaintiff could now do so in view of the fact that the events alleged in his complaint all occurred in the 1989-1990 time frame.[8]

---

[6] Dalrymple v. United States, No. 05-14375 (August 16, 2006 11th Cir.)(quoting Suarez v. United States, 22 F.3d 1064, 1065 (11th Cir. 1994)).

[7] 28 U.S.C. §§ 2675(a), 2401(b).

[8] Further, even if the completely unconnected events that Plaintiff alleges occurred in June 2004 at the department store, where he worked, could be the basis for a tort claim against the United States - which they cannot for a variety of reasons too numerous to detail - the complaint in this case was filed on September 1, 2006 more than two years after the June 2004 incident at the department store. As such, it is too late for Plaintiff to pursue claims based on these events under the FTCA because Plaintiff will be unable to file a claim with the federal agency within two years of the date of his claim.

## III. RECOMMENDATION

In light of the foregoing, it is respectfully **RECOMMENDED** that Plaintiff's Motion For Leave To Proceed In Forma Pauperis (Doc. 2) should be **DENIED** and that Plaintiff's Complaint (Doc. 1) should be **DISMISSED with prejudice**.

**IN CHAMBERS** in Ocala, Florida, on September 11, 2006.

_____
GARY R. JONES
United States Magistrate Judge

Copies to:
    The Honorable Wm. Terrell Hodges
    Senior United States District Judge

    *Pro Se* Plaintiff